1  Ralph S. LaMontagne, Jr. [State Bar No. 91536]
   rlamontagne@l-a-lawoffices.com
2  Eric A. Amador [State Bar No. 143395]
   eamador@l-a-lawoffices.com
3  Thomas T. Carpenter [State Bar No. 98051]
   tcarpenter@l-a-lawoffices.com
4  LaMONTAGNE & AMADOR LLP
   150 S. Los Robles Avenue, Suite 940
5  Pasadena, California 91101
   Telephone:  (626) 765-6800
6  Facsimile:  (626) 765-6801

7  Attorneys for Plaintiff
   STARR INDEMNITY & LIABILITY COMPANY
8

9              **UNITED STATES DISTRICT COURT**

10              **CENTRAL DISTRICT OF CALIFORNIA**

11

12 | STARR INDEMNITY & LIABILITY | ) | Case No. 5:21-cv-00142 |
   | COMPANY, | ) | |
13 | | ) | |
   |     Plaintiff, | ) | **COMPLAINT FOR** |
14 | | ) | **DECLARATORY JUDGMENT** |
   |   vs. | ) | |
15 | | ) | **DEMAND FOR JURY TRIAL** |
   | DUNHAM TRUST COMPANY, as Personal | ) | |
16 | Representative of THE ESTATE OF | ) | |
   | ANTONIO PASTINI and as Trustee of THE | ) | |
17 | ANTONIO P. PASTINI LIVING TRUST | ) | |
   | DATED NOVEMBER 21, 2011; | ) | |
18 | DEBORAH L. PASTINI; STATE FARM | ) | |
   | GENERAL INSURANCE COMPANY; | ) | |
19 | AUTOMOBILE CLUB OF SOUTHERN | ) | |
   | CALIFORNIA; FIRST NATIONAL | ) | |
20 | INSURANCE COMPANY OF AMERICA; | ) | |
   | DARLA CASBY, individually and as | ) | |
21 | Administrator of THE ESTATE OF ROY L. | ) | |
   | ANDERSON; KAREN ELLIOTT; STEVEN | ) | |
22 | ELLIOTT; AMY MAREFAT; AMANDA | ) | |
   | GOODRICH; SOMMER WALLS; BOBBY | ) | |
23 | LEBER; AUTUMN LEBER, by and through | ) | |
   | her Guardian ad Litem, Bobby Leber; | ) | |
24 | BRIANNE LEBER, by and through her | ) | |
   | Guardian ad Litem, Bobby Leber; CAITLYN | ) | |
25 | ROE; NICHOLAS DeHARO; TEXTRON | ) | |
   | AVIATION INC.; and CONTINENTAL | ) | |
26 | AEROSPACE TECHNOLOGIES, INC., | ) | |
   | | ) | |
27 |     Defendants. | ) | |

28

Plaintiff, Starr Indemnity & Liability Company ("Starr," or "Plaintiff"), for its Complaint against the above-named defendants (collectively, "Defendants"), alleges:

1. Starr brings this action pursuant to 28 U.S.C. §§ 1332 and 2201, seeking a declaratory judgment regarding its rights and obligations under its Aviation Policy no. 1000322689-01 ("the Policy"), which it issued to decedent Antonio Pastini ("Pastini"). (A true and correct copy of the Policy is attached hereto as Exhibit "A.")

2. This action arises out of an aircraft accident ("the Accident") that occurred on February 3, 2019, when Pastini, the owner of a Cessna 414 aircraft bearing registration no. N414RS ("the Aircraft"), departed from the Fullerton Airport in Fullerton, California, believed to be bound for Minden, Nevada. Shortly after takeoff, the Aircraft broke apart in flight, with the wreckage striking a house ("the House") located in Yorba Linda, California.

3. As a result of the Accident, Pastini, the pilot and sole occupant of the Aircraft, died, as did four occupants of the House-- Roy L. Anderson, Donald Elliott, Dahlia Leber-Anderson and Stacie Leber (collectively "the Ground Decedents"). The House was destroyed by fire and nearby residences were damaged by falling debris.

4. As a result of the deaths, injuries and losses caused by the Accident, as more particularly described below, several claims and at least three lawsuits (collectively, "the Liability Claims") have been brought against various persons and entities, along with a claim ("the Hull Claim") by defendant Deborah Pastini, as former Personal Representative of Estate of Antonio Pastini ("the Estate") against Starr seeking payment under the Policy for the physical loss of the Aircraft.

5. By this action, Starr seeks a judgment declaring that it has no obligation under the Policy to defend or indemnify any person or entity respects either the Liability Claims, or any judgment or settlement resulting from such claims, and no duty to indemnify any person or entity with respect to the Hull Claim.

# JURISDICTION AND VENUE

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1), inasmuch as there is complete diversity of citizenship between Starr and Defendants and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Moreover, an actual controversy, within the meaning of 28 U.S.C. § 2201, exists between the parties.

7. Venue is proper pursuant to 28 U.S.C. § 1391(a), because a substantial number of events giving rise to the disputes and claims at issue occurred within this district.

# THE PARTIES

8. Plaintiff Starr is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in the State of New York.

9. Defendant Dunham Trust Company is a Nevada corporation with its principal place of business in Nevada, and is the personal representative of the Estate and the trustee of the Antonio P. Pastini Living Trust dated November 21, 2011 ("the Trust").

10. Defendant Deborah L. Pastini is a resident of Nevada.

11. Defendant State Farm General Insurance Company ("State Farm") is an Illinois Corporation with its principal place of business in Illinois.

12. Defendant Automobile Club of Southern California ("AAA") is a California corporation with its principal place of business in California.

13. Defendant First National Insurance Company of America ("First National") is a New Hampshire corporation with its principal place of business in New Hampshire.

14. Defendant Darla Casby is a California resident, a daughter of decedent Roy L. Anderson, and the Administrator of the Estate of Roy L. Anderson ("the Anderson Estate"), which is being probated in the Superior Court of the State of

California, for the County of Orange, in the proceeding styled *In re Roy L. Anderson - Deceased*, case no. 30-2019-1060023.

15. Defendant Karen Elliott is a California resident and a daughter of decedent Roy L. Anderson and wife of decedent Donald Elliott.

16. Defendant Steven Elliott is a California resident and a son of decedent Donald Elliott.

17. Defendant Amy Marefat is a Kentucky resident and a daughter of decedent Donald Elliott.

18. Defendant Amanda Goodrich is a Louisiana resident and a daughter of decedent Donald Elliott.

19. Defendant Sommer Walls is a Washington resident and a daughter of decedent Dahlia Leber-Anderson.

20. Defendant Bobby Leber is a California resident, a son of decedent Dahlia Leber-Anderson, husband of decedent Stacie Leber, guardian *ad litem* of Autumn Leber, and guardian *ad litem* of Brianna Leber.

21. Defendant Autumn Leber (represented in the "Wrongful Death Action" described below by her guardian *ad litem*, defendant Bobby Leber) is a California resident, and a minor daughter of decedent Stacie Leber.

22. Defendant Brianne Leber (represented in the Wrongful Death Action by her guardian *ad litem*, defendant Bobby Leber) is a California resident, and a daughter of decedent Stacie Leber.

23. Defendant Caitlyn Roe is a California resident and a daughter of decedent Stacie Leber.

24. Defendant Nicholas DeHaro is a California resident and a son of decedent Stacie Leber.

25. Defendant Textron Aviation Inc. ("Textron"), is a Kansas corporation with its principal place of business in Kansas, and the owner of the "Cessna" brand.

26. Defendant Continental Aerospace Technologies, Inc. ("Continental"), is a Delaware corporation with its principal place of business in Alabama.

## THE CLAIMS

**A.  THE INITIAL CLAIMS**

27. In the months following the Accident, several claims (collectively, "the Initial Claims") resulting from the Accident were presented to Starr:

    a.  The Hull Claim by the Estate, for the loss of the Aircraft;

    b.  A subrogation claim by State Farm, with respect to damages claimed to two homes;

    c.  A claim by the Anderson Estate, asserting Roy Anderson's wrongful death; and

    d.  A subrogation claim by AAA, a property insurer of the House.

28. Starr disclaimed coverage under the Policy as to each of these claims (b, c and d of which constitute a portion of the "Liability Claims" as referenced in paragraph 4, above) based upon, without limitation, the bases set forth below.

**B.  THE UNDERLYING ACTIONS**

29. On or about December 10, 2019, State Farm brought an action against the Estate in Orange County Superior Court, styled *State Farm General Insurance Company v. Estate of Antonio P. Pastini*, case no. 30-2019-01117416-CU-NP-CJC, alleging negligence and seeking to recover more than $205,000 for damage claimed to two houses resulting from the Accident. A true and correct copy of the complaint in that action is attached hereto as Exhibit "B."

30. On or about January 20, 2020, the heirs of the Ground Decedents (as listed above) filed a wrongful death/survival action in the Superior Court of the State of California for the County of Orange ("Orange County Superior Court"), styled *Karen Elliott, et al. v. Cessna Aircraft Co., et al.*, case no. 30-2020-01128734-CU-PP-CJC ("the Wrongful Death Action"). Named as defendants are: (1) Cessna Aircraft Company ("Cessna"), the alleged manufacturer of the Aircraft, which is no

longer a recognized legal entity; (2) Textron, an alleged manufacturer of the Aircraft's "component parts"; (3) Continental, the alleged manufacturer of the Aircraft's engines; (4) Pastini, "as an Individual and as the Settlor" of Trust; (5) the Trust; (6) the Estate; and (7) Deborah Pastini, as personal representative of the Estate.

31. The complaint in the Wrongful Death Action (a true and correct copy of which is attached hereto as Exhibit "C") sets forth four causes of action. The latter three are directed against Cessna, Textron and Continental, based upon theories of product liability. The first cause of action is directed against the Trust and the Estate, and in it the plaintiffs allege, *inter alia*, that those defendants "failed to properly maintain, inspect, control, pilot, and operate the SUBJECT AIRCRAFT and were either poorly trained and/or failed to follow proper training, and were otherwise negligent in the operation of the SUBJECT AIRCRAFT both pre-flight and during the flight." As a result of these alleged deficiencies, the Aircraft "broke apart mid-flight, causing fire, and violently crashed to the ground and into Plaintiffs' Decedent's residence."

32. On February 20, 2020, Textron removed the Wrongful Death Action to the United States District Court for the Central District of California, where it is presently pending as case no. 8:20-cv-00378-SB-ADS.

33. Starr is defending Deborah Pastini and the Estate in the Wrongful Death Action (which constitutes one of the "Liability Claims" referenced in paragraph 4, above) subject to a full reservation of its rights with respect to insurance coverage based upon, without limitation, the grounds set forth below.

34. On or about July 16, 2020, First National brought an action against the Estate in Orange County Superior Court, styled *First National Insurance Company of America as Subrogee of Dahlia Leber v. Estate of Antonio P. Pastini*, case no. 30-2020-01151707-CU-PO-CJC, alleging negligence and trespass and seeking to recover more than $674,900 for damage claimed to a house resulting from the

Accident. A true and correct copy of the complaint in that action is attached hereto as Exhibit "D."

## C. THE POLICY

35. The relevant coverages under the Policy for the Claims, respectively, are (1) Coverage D, relevant to the Liability Claims, which, subject to the terms and limitations of the Policy, provided Single Limit Bodily Injury and Property Damage Liability coverage in the amount of $1 million per occurrence limited to $100,000 per passenger; and (2) Coverage F, relevant to the Hull Claim, which, also subject to the terms and limitations of the Policy, provided physical damage coverage for the Aircraft up to its stated value of $300,000.

36. Item 5 of the Policy "Declarations" page states: "When in flight the aircraft will be operated only by pilots meeting the requirements endorsed in this policy." Thereafter, Endorsement 1, the "Pilot Warranty Endorsement," reads as follows:

> It is a condition of this insurance that when **in flight**, the **aircraft** will be operated only by the pilot(s) specified below.
>
> WITH RESPECT TO THE FOLLOWING: 1981 CESSNA 414A III CHANCELOR N414RS
> NAMED PILOT(S): ANTONIO PASTINI, OR
> ANY PILOT WHO HOLDS A CURRENT AND VALID PRIVATE PILOT CERTIFICATE OR BETTER WITH MULTI ENGINE LAND AND INSTRUMENT RATING PRIVILEGES AND HAS A MINIMUM OF THE FOLLOWING HOURS OF FLIGHT EXPERIENCE AS RECORDED IN HIS OR HER LOGBOOK:
> 1,500 TOTAL LOGGED FLYING HOURS
> 500 HOURS IN MULTI-ENGING AIRCRAFT
> 50 HOURS IN THE INSURED MAKE AND MODEL

*IT IS FURTHER REQUIRED THAT SUCH PILOT(S), WHETHER NAMED OR MEETING THE OPEN PILOT CLAUSE MUST HAVE SUCCESSFULLY COMPLETED A GROUND AND FLIGHT RECURRENT/INITIAL TRAINING COURSE FOR THE MAKE AND MODEL OPERATED WITHIN THE PAST 12 MONTHS.*

(Emphasis added.)

37. Pastini completed initial training in the Aircraft on December 14, 2017-- one year and 51 days prior to the date of the Accident-- and completed no other training course after that date. Thus, there was a failure to comply with the Pilot Warranty Endorsement.

38. Exclusion 2(a) of the Policy states, in relevant part:

This policy does not apply:

. . .

2. To any **insured** while the **aircraft** is **in flight** with the knowledge and consent of the **named insured**

    (a) if piloted by other than the pilot or pilots designated in the Declarations….

39. As set forth above, Item 5 of the "Declarations" refers to the applicable Endorsement 1, quoted above, which makes it clear that all pilots, including specifically-named pilots such as Pastini, must have "completed a ground and flight recurrent/initial training course for the make and model operated within the past 12 months." (Capitalization omitted.) And again, as of the date of the Accident, it had been more than one year since Pastini had completed his initial training course.

40. In light of the failure to comply with the Pilot Warranty Endorsement, no coverage exists under either Coverage D or Coverage F to the Policy.

41. In light of the applicability of Exclusion 2(a), no coverage exists under either Coverage D or Coverage F to the Policy.

## FIRST CLAIM FOR RELIEF - DECLARATORY JUDGMENT
## (LIABILITY CLAIMS - DUTY TO DEFEND)

42. Starr hereby incorporates by reference the allegations set forth above in paragraphs 1 through 41 of this Complaint.

43. Starr contends that it has no duty to defend any person or entity under the Policy as respects the Liability Claims. Starr is informed and believes, and based thereupon alleges, that Defendants dispute Starr's contention in this regard.

44. Starr contends it is entitled to a judicial declaration that it has no duty to defend any person or entity under the Policy as respects the Liability Claims.

## SECOND CLAIM FOR RELIEF - DECLARATORY JUDGMENT
## (LIABILITY CLAIMS - DUTY TO INDEMNIFY)

45. Starr hereby incorporates by reference the allegations set forth above in paragraphs 1 through 41 of this Complaint.

46. Starr contends that it has no duty to indemnify any person or entity under the Policy as respects any judgment or settlement resulting from the Liability Claims. Starr is informed and believes, and based thereupon alleges, that Defendants dispute Starr's contention in this regard.

47. Starr contends it is entitled to a judicial declaration that it has no duty to indemnify any person or entity under the Policy as respects any judgment or settlement resulting from the Liability Claims.

## THIRD CLAIM FOR RELIEF - DECLARATORY JUDGMENT
## (HULL CLAIM)

48. Starr hereby incorporates by reference the allegations set forth above in paragraphs 1 through 41 of this Complaint.

49. Starr contends that it has no duty to indemnify any person or entity under the Policy as respects the Hull Claim. Starr is informed and believes, and based thereupon alleges, that Defendants dispute Starr's contention in this regard.

50. Starr contends it is entitled to a judicial declaration that it has no duty to indemnify any person or entity under the Policy as respects the Hull Claim.

## PRAYER FOR RELIEF

Wherefore, Starr respectfully prays for the following relief from this Court:

1. A judgment that Starr has no duty to defend any person or entity under the Policy as respects the Liability Claims;

2. A judgment that Starr has no duty to indemnify any person or entity under the Policy as respects any judgment or settlement resulting from the Liability Claims;

3. A judgment that Starr has no duty to indemnify any person or entity under the Policy as respects the Hull Claim;

4. An award to Starr of its costs of suit and any recoverable attorneys' fees; and

5. Such other and further relief as this Court deems proper.

Dated: January 25, 2021               Respectfully submitted,

                                      LaMONTAGNE & AMADOR LLP

                                      By:  *Ralph S. LaMontagne, Jr.*          /s/
                                           Ralph S. LaMontagne, Jr.
                                           Eric A. Amador
                                           Thomas T. Carpenter
                                      Attorneys for Plaintiff
                                      STARR INDEMNITY & LIABILITY
                                      COMPANY

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully demands a trial by jury.

Dated:  January 25, 2021

Respectfully submitted,

LaMONTAGNE & AMADOR LLP

By: *Ralph S. LaMontagne, Jr.*       /s/
 Ralph S. LaMontagne, Jr.
 Eric A. Amador
 Thomas T. Carpenter
Attorneys for Plaintiff
STARR INDEMNITY & LIABILITY COMPANY